IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS A. THROM, individually and on behalf of all others similarly situated, | : : : Case No.: 2:11-cv-6813 |
| Plaintiff, | : : |
| v. | : : |
| GMAC MORTGAGE, LLC, | : : |
| Defendant. | : : |

**JOINT RULE 26(f) REPORT**

Counsel for the parties conferred in accordance with Fed. R. Civ. P. 26(f) on November 4, 2011, and January 9, 2012 and respectfully submit this Joint Rule 26(f) Report:

**1.      Discussion of Claims, Defenses and Relevant Issues**

**Claims:** This is a proposed class action brought by Plaintiff Dennis Throm ("Plaintiff" or "Throm") against Defendant GMAC Mortgage, LLC ("GMAC") that alleges GMAC has a practice of force-placing excessively priced and unnecessary flood insurance policies on homeowner borrowers in violation of their mortgage contract.  Plaintiff, a resident of Florida, alleges that GMAC requires flood coverage in excess of what any reasonable reading of the mortgage contract requires and then force-places flood insurance policies when consumers fail to obtain their own flood insurance policy that complies with GMAC's excessive requirements.  In Plaintiff's case, the coverage for the flood insurance policies GMAC demanded and force-placed was up to three times the amount of the principal on his mortgage.  In addition, Plaintiff alleges that GMAC has derived a financial benefit from its alleged practices to Plaintiff's detriment and to the detriment of those similarly situated.

Plaintiff has proposed a nationwide class defined as:

All persons with loans financed or serviced by GMAC who GMAC provided force-placed flood insurance which exceeded any of the following: (1) $250,000; (2) the replacement cost value of the property pledged as security for the loan; or (3) the total outstanding loan balance (if a traditional loan) or maximum line of credit (if a home equity line of credit) (the "Class").

**Defenses:** GMAC has filed a motion to dismiss, which is fully briefed, and it denies that it is liable to Plaintiff or that this case is appropriate for class treatment. GMAC contends that Plaintiff lacks standing to assert claims arising out of events that pre-date his assumption of the loan. Moreover, the related loan modification entered into by the parties at the time of the loan assumption bars the claims he now asserts. Independently, Plaintiff's claims fail because the Fannie Mae/Freddie Mac form mortgage specifically authorized and permitted GMAC's actions and, moreover, the amount of additional coverage it purchased, after notice affording Plaintiff's predecessors the opportunity to buy their own policy, complied with federal law and was determined in a manner that did not breach any duty of good faith and fair dealing GMAC might have owed Plaintiff's predecessors. Additional defenses raised in the pending motion to dismiss include: (i) the voluntary payment doctrine bars all of Plaintiff's claims; (ii) the economic loss doctrine bars Plaintiff's conversion claim, which is otherwise barred since GMAC's actions were authorized and not even directed at Plaintiff; (iii) the unjust enrichment claim does not lie because there is an express contract, GMAC's actions were not unjust, and insurance was actually purchased; (iv) "unconscionability" is not an affirmative claim and, Plaintiff does not otherwise plead the elements of that claim even if it were; (v) Plaintiff's TILA claim is time-barred and otherwise fails because GMAC did not violate any of its provisions.

2. **Consolidation with Related Actions**

Also pending before this Court is *Elizabeth Cronk v. GMAC Mortgage, LLC*, Civil

Action No. Case No.: 2:11-cv-5161, a proposed class action brought by a New Jersey condominium owner that alleges GMAC has a practice of force-placing excessive and unnecessary flood insurance policies on condominium borrowers in violation of their mortgage contract.  Plaintiff, who anticipates that additional related cases may be filed in this Court, given that GMAC is headquartered in this District, believes that *Cronk* should be consolidated with this case, that the Court should establish a "Master File" and a "Master Docket" to be referred to as the "GMAC Force-Placed Flood Insurance Litigation," that Plaintiff's counsel (who is the same in both cases) should be appointed interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g), and that a master consolidated complaint should be filed following the Court's rulings on the motions to dismiss.  Plaintiff believes that this procedure will enhance the efficient administration of these actions because discovery in *Cronk*, *Throm* and any additional related cases will overlap.  Attached hereto as Exhibit A is Plaintiff's Proposed Pretrial Order No. 1 establishing the above.

Defendant does not believe that such steps are necessary given that Plaintiff has identified no more than two cases in this jurisdiction that would participate in these procedures, counsel for the parties are the same in both cases, and that both cases are already assigned to this Court and can be managed effectively in their current procedural posture.  Defendant believes that the relief requested above by Plaintiff is more appropriately addressed by motion with the appropriate opportunity for a response by Defendant and any affected third party.  This is particularly true with respect to amending the Complaints without leave of court.  As set forth in its Motion to Dismiss, Defendant believes an amendment would be futile.  Accordingly, any motion for leave to amend should be filed within 30 days of the Court's ruling on the Motion to Dismiss.

3.  **Initial Disclosures**

The parties will exchange Rule 26(a)(1) disclosures on or before April 12, 2012.

4.  **Discovery**

   a.   Timing of Discovery

The parties disagree as to whether formal discovery should begin while the motion to dismiss is pending. The parties' respective positions are set forth below.

   i.   Plaintiff's Position.

Discovery should proceed immediately. In this District, "[m]otions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Worldcom Technologies v. Intelnet Int'l, Inc.*, No. CIV.A. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002); *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 9, 1993). A stay of discovery "is not, automatically granted whenever a motion to dismiss is pending. . . ." *Keystone Coke Co. v. Pasquale*, No. Civ.A. 97-6074, 1999 WL 46622, at *1 (E.D. Pa. Jan. 7, 1999). "Had the drafters of the Federal Rules of Civil Procedure wanted an automatic stay of discovery pending a motion to dismiss they could have so provided." *Coca-Cola Bottling Co.*, 1993 WL 13139559, at *2 (*citing Moran v. Flaherty*, No. 92-3200, 1992 WL 276913 (S.D.N.Y. Sep. 25, 1992).

Because discovery stays are disfavored, the party seeking a stay must make a "strong showing" of why discovery should be denied. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Defendant cannot meet that burden here. Plaintiff's Complaint is both well grounded and well-pleaded. In the unlikely event that Defendant's motion to dismiss should

succeed, Plaintiff will likely be granted leave to amend his Complaints, an opportunity that should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). There is no guarantee that a stay, now, would do anything but paralyze litigation that will resume in the future.

        ii.      Defendant's position.

On March 16, 2012, GMAC filed its Motion to Stay Discovery and Memorandum in Support. In its Motion, GMAC argues that discovery, especially the class-wide discovery that Plaintiff proposes, is premature and inappropriate. Federal courts have broad, inherent power "to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). The authority granted courts under Fed. R. Civ. P. 26 includes the discretion to stay discovery upon a showing of "good cause" to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c); *see also Norfolk S. Ry. Co. v. Power Source Supply Inc.*, No. 3:06-58, 2007 U.S. Dist. Lexis 15306, at *1 (W.D. Pa. March 5, 2007). "Good cause" exists for staying discovery pending the resolution of a dispositive motion if "the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *See Weisman v. Mediq, Inc.,* No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (Rendell, J.) (citation omitted).

Courts in the Third Circuit have routinely granted motions for stays of discovery pending the resolution of dispositive motions. *See*, *e.g.*, *Mann v. Brenner,* 375 Fed. Appx. 232, 239 (3d Cir. 2010) (upholding district court decision to stay discovery pending the outcome of a Rule 12(b)(6) motion); *N. Am. Commc'ns, Inc. v. InfoPrint Solutions Co., LLC*, No. 08-288, 2011 WL 4571727, at *3 (W.D. Pa. Jul. 13, 2011); *Jackson v. N. Telecom, Inc.*, No. 90-0201, 1990 WL 39311, at * 1 (E.D. Pa. March 30, 1990). In particular, courts will frequently stay discovery

where, as here, "a pending motion to dismiss may dispose of the entire action," *Weisman*, 1995 WL 273678 at *2, *or* "discovery may be especially burdensome and costly to the parties." *Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 WL 1455358, at *2-4 (N.D. Ill. May 21, 2009). Indeed, "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *See Chavous v. District of Columbia Fin. Responsibility and Management Asst. Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001). "While a court should not automatically stay discovery when a motion to dismiss is filed, a stay is proper where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Weisman*, 1995 U.S. Dist. LEXIS 5900, at *5. As the 11th Circuit so aptly stated in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997):

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

Allowing discovery to proceed in the face of a pending, dispositive motion "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the

public's perception of the federal judicial system." *See id.* at 1368.  This is even truer here since Plaintiff is seeking to represent a national class.  *See J&G Invs., LLC v. Fineline Props., Inc.*, No. 06-2461, 2007 WL 928642, at *5 (N.D. Ohio Mar. 27, 2007) ("It makes sense to stay discovery in a class action pending resolution of motions to dismiss which might resolve the entire case.").

   b.  Scope of Discovery

The parties disagree as to whether merits and class discovery should be bifurcated.  The parties' positions are set forth below.

    i.  Plaintiff's Position

Bifurcation of discovery into "class" and "merits" phases is not necessary, practical or appropriate here, and Defendant's proposal will unnecessarily extend the pre-discovery schedule far beyond what Plaintiff proposes.  Plaintiff instead proposes that discovery commence immediately for all purposes and that all discovery in this case, class and merits, be concluded before the end of 2012.  Because there will be significant overlap among the issues relevant to class certification and class liability, any attempt to bifurcate discovery will result in greater inefficiency and is likely to generate endless disputes about line-drawing in this case.  Courts have recognized that there is no requirement that "class" discovery be bifurcated from merits discovery.  *See In re Plastics Additives Antitrust Litigation,* No. Civ.A. 03-2038, 2004 WL 2743591 (E.D. Pa. Nov. 29, 2004) (refusing to bifurcate discovery because it "would also belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is "merit" discovery as compared to "class" discovery"); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery.").  As the Manual for Complex

Litigation – Fourth recognizes, "information about the nature of the claims on the merits and the proof they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." *See* Federal Judicial Center, Manual for Complex Litigation – Fourth, § 21.14 (2005). To the extent Defendant believes that Plaintiff's discovery requests are burdensome or otherwise objectionable, the proper way to address that is through the meet and confer process and to bring any specific issues to the Court's attention that the parties are unable to resolve.

                ii.       Defendant's Position

Bifurcation is not only appropriate, it is necessary to allow an early and efficient decision on class certification while, at the same time, preventing the process from becoming unduly burdensome and costly. Numerous courts in a wide variety of jurisdictions have recognized that the discovery process should be tailored to meet this objective. For example, in *Rodriguez v. Banco Central*, 102 F.R.D. 897, 902-05 (D. Puerto Rico 1984), the court ruled that interrogatories unrelated to class certification issues were not permitted in the pre-certification phase of discovery. The *Rodriguez* court stated: "It is also well settled that discovery which is irrelevant or burdensome should not be allowed during pre-certification stages, and discovery on the merits should not be had prior to the pre-certification issue." *Id.* at 903 (citing, *National Organization for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980)). In *Sperry Rand*, the court also limited discovery to class certification issues in order to maintain the efficiency of the discovery process:

> Unnecessarily broad discovery will not benefit either party. To spend either three million or three hundred thousand dollars, in order to move a mountain of documents and statistics from the defendant's facilities to the

plaintiff's offices would be, in this pre-certification context, a wasteful and unjustifiable action.

*Id.* at 277. Other courts have reached the same conclusion. *See, e.g., Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (holding that the plaintiff bears the burden of demonstrating that discovery is "likely to produce substantiation of the class allegations"); *Payne v. Don Bohn Ford, Inc.*, No. CIV.A. 96-1671, 1997 WL 469963, at *1 (E.D. La. Aug. 13, 1997) (noting that the court had "previously entered an order limiting discovery to class certification issues"); *Nash v. City of Oakwood*, 90 F.R.D. 633, 636-37 (S.D. Ohio 1981) ("Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification . . . .") (citing *Sperry Rand*, 88 F.R.D. at 277); *Ammons v. American Family Mut. Ins. Co.*, 897 P.2d 860, 864 (Colo. Ct. App. 1995) (holding that plaintiff must show discovery will help the determination of class issues if the defendant will bear much of the cost of the sought-after discovery); *American Nurses Association v. Illinois*, 1986 WL 10382 *3 (N.D. Ill. 1986) (bifurcation of discovery will "expedite the decision on class certification" in accord with Federal Rule 23(c)(1)).

### 5.  Scheduling

The parties disagree on an appropriate schedule. The parties' respective positions are set forth below.

####   a.    Plaintiff's Position

| Event | Timing |
|---|---|
| Hearing on any pending motion to dismiss. | At the Court's convenience |
| Last day for Plaintiffs to file consolidated amended complaint. | 30 days after the Court rules on the motions to dismiss filed in both *Cronk* and *Throm* |
| Last day for Defendant to file its response to the consolidated amended complaint. | 30 days after Plaintiffs file their consolidated amended complaint |
| Last day for Plaintiffs to file: (1) expert | August 1, 2012 |

9

| | |
|---|---|
| reports on class certification; and (2) motion for class certification. | |
| Last day for Defendant to file: (1) expert reports related to class certification; and (2) opposition to motion for class certification. | September 15, 2012 |
| Last day for Plaintiffs to file: (1) rebuttal expert report relating to class certification; and (2) reply papers in support of motion for class certification. | November 1, 2012 |
| Close of fact and merits expert discovery. | December 1, 2012 |
| Hearing on motion for class certification. | At the Court's convenience |
| Pretrial conference to establish post-discovery pretrial deadlines and trial date. | At the Court's convenience |

      b.      Defendant's Position

| Event | Timing |
|---|---|
| Fact discovery on class issues commences | If the complaint survives the motion to dismiss, the date the Court rules in the motion |
| Motions to amend pleadings | 30 days after the motion to dismiss is decided |
| Fact discovery on class issues closes | 150 days after the motion to dismiss is denied |
| Plaintiff's expert disclosures on class issues | 150 days after the motion to dismiss is denied |
| Defendant's expert disclosures on class issues | 195 days after the motion to dismiss is denied |
| Plaintiff's expert rebuttal report on class issues | 225 days after the motion to dismiss is denied |
| Last day for Plaintiffs to file motion for class certification. | 225 days after the motion to dismiss is denied |
| Last day for Defendant to file its opposition to the motion for class certification. | 270 days after the motion to dismiss is denied |
| Last day for Plaintiffs to file reply papers in support of motion for class certification. | 300 days after the motion to dismiss is denied |
| Last day to depose experts | 300 days after the motion to dismiss is denied |
| Hearing on motion for class certification. | At the Court's convenience in 2013 |

| | |
|---|---|
| Pretrial conference to establish deadline for merits discovery, motions for summary judgment, remaining pretrial deadlines, and trial date. | At the Court's convenience in 2013 |

### 6. **Protective Order**

The Parties acknowledge there may be a need for confidentiality of trade secrets, client data, and other discoverable documents, and agree to work together on a proposed, stipulated protective order and joint motion for entry of the same. The Parties expect that they will be able to reach agreement on a form of protective order. In addition, the parties agree that production of documents and information without intent to waive privilege or protection will not be a waiver so long as the producing party promptly provides written notice identifying the document(s) and information at issue to the receiving party. Such notice will include information sufficient to relay the basis of the responding party's privilege claim. The receiving party will then promptly return, sequester, or destroy the information, and any copies it has, and take reasonable steps to retrieve the materials from any third parties to whom it has given them. The receiving party may retain one copy of the allegedly privileged material for the sole purpose of providing it to the Court under seal for the purpose of challenging the claim of privilege. Except as otherwise provided herein or by further order of the Court, the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Pennsylvania will govern all further procedural and discovery matters in this action.

### 7. **Preservation of Evidence**

All parties and their counsel shall preserve evidence that may be relevant to the issues reasonably evident in this action. The duty extends to documents, data, and tangible things in the possession, custody, and control of the parties.

**8.     Early Settlement or Resolution**

The parties have started to discuss the possibility of early settlement and are considering whether further discussions and/or possible alternative dispute resolution processes are appropriate at this stage of the litigation.

**9.     Trial**

The parties do not consent to referral of this case to a Magistrate Judge.  Should this case proceed to trial, the parties agree that trial should commence at the convenience of the Court in 2013.  Based on the preliminary nature of the proceedings in this case, the parties agree that an estimate of trial length at this time would be premature.

Respectfully submitted,

| | |
|---|---|
| _/s/_ | _/s/_ |
| Eric L. Cramer | Henry F. Reichner |
| Shanon J. Carson | Joe N. Nguyen |
| Patrick F. Madden | **REED SMITH LLP** |
| **BERGER & MONTAGUE, P.C.** | 2500 One Liberty Place |
| 1622 Locust Street | 1650 Market Street |
| Philadelphia, PA 19103 | Philadelphia, PA 19103-7301 |
| Telephone: (215) 875-4656 | Telephone No. (215) 851-8100 |
| Facsimile: (215) 875-4604 | Facsimile No.   (215) 851-1420 |
| | |
| Brett Cebulash, Esq. | *Attorneys for Defendant* |
| Kevin Landau, Esq. | |
| **TAUS, CEBULASH & LANDAU, LLP** | |
| 80 Maiden Lane, Suite 1204 | |
| New York, NY 10038 | |
| Telephone: (212) 931-0704 | |
| Facsimile: (212) 931-0703 | |

David M. Taus
**DEVERO TAUS LLC**
211 Somerville Road, Suite B
Bedminster, New Jersey 07921
Telephone:  (908) 375-8142
Facsimile:  (908) 375-8151

Brent Walker
**CARTER WALKER PLLC**
2171 West Main Street, Suite 200
Cabot, AR 72023
Telephone: (501) 605-1346
Facsimile: (501) 605-1348

Steven A. Owings
**OWINGS LAW FIRM**
1400 Brookwood
Little Rock, AR 72202
Telephone:  (501) 661-9999
Facsimile: (501) 661-8393

Kendall S. Zylstra
**FARUQI & FARUQI, LLP**
101 Greenwood Avenue
Suite 600
Jenkintown, PA  19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771

*Attorneys for Plaintiff*